# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

James McCray,

               Petitioner,     Case No. 17-cv-10175

v.                                 Judith E. Levy
                                 United States District Judge

S.L. Burt,
                                 Mag. Judge Anthony P. Patti
               Respondent.

_____/

## OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [5], (2) DENYING CERTIFICATE OF APPEALABILITY (3) AND DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS

James McCray ("Petitioner"), a Michigan Department of Corrections prisoner, filed this petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges Petitioner's Saginaw Circuit Court guilty plea convictions for second-degree murder, MICH. COMP. LAWS § 750.317, assault with intent to commit murder, MICH. COMP. LAWS § 750.83, carrying a concealed weapon, MICH. COMP. LAWS § 750.227, and possession of a firearm during the commission of a felony (felony-firearm). MICH. COMP. LAWS § 750.227b. As a result of

these convictions, Petitioner is in Respondent's custody for a controlling term of 16 to 32 years for the murder conviction, lesser terms for the other offenses, and a consecutive two years for the felony-firearm charge.

The petition raises three claims: (1) Petitioner was denied the right to the effective assistance of appellate counsel when the trial court allowed his appellate counsel to withdraw in violation of *Anders v. California,* 385 U.S. 738 (1967), (2) Petitioner's appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel, and (3) Petitioner was denied his Sixth Amendment right to a jury trial when his sentencing guidelines were scored based on facts not admitted by Petitioner or found beyond a reasonable doubt by a jury.

Presently before the Court is Respondent's motion to dismiss the petition as being filed after expiration of the one-year statute of limitations, which the Court will treat as a motion for summary judgment. (Dkt. 5.) Petitioner has filed a response to the motion, asserting that the delay in filing the petition was the result of unconstitutional state action and that he is entitled to equitable tolling. (Dkt. 6.) For the reasons set forth below, the Court will grant

2

Respondent's motion and dismiss the case. The Court will also deny Petitioner a certificate of appealability and deny permission to proceed on appeal in forma pauperis.

## I. Background

On October 30, 2008, Petitioner pleaded guilty to the above offenses. Petitioner was sentenced on December 11, 2008. The trial court docket sheet indicates that on January 8, 2009, Petitioner requested the appointment of appellate counsel. (Dkt. 5-3 at 5.) On January 29, 2009, attorney Ronald D. Ambrose was appointed to represent Petitioner on appeal. The transcripts of the trial court proceedings were prepared at the request of appellate counsel in March of 2009. (*Id*.)

On September 14, 2009, appellate counsel filed a motion to vacate his appointment. The docket sheet indicates that a hearing was held on the motion on October 12, 2009, and Petitioner was present. (*Id*. at 5-6.) The motion was granted, and accordingly appellate counsel did not file any appeal on Petitioner's behalf. (*Id*. at 6.)

Over one year later, on March 2, 2011, Petitioner filed correspondence with the trial court concerning the scoring of his

sentencing guidelines. (*Id.*) The trial court returned the letter on March 7, 2011, and provided Petitioner with the form for filing a motion for relief from judgment. (*Id.*)

On September 2, 2011, Petitioner filed a *pro se* motion for appointment of appellate counsel, and the trial court denied it on September 13, 2011. (*Id.*)

On January 21, 2012, Petitioner filed a *pro se* motion to reissue the judgment, and the trial court denied it on February 8, 2012. (*Id.*)

Finally, on November 21, 2012, Petitioner filed a motion for relief from judgment which was denied on March 1, 2013. (*Id.*) A motion for reconsideration was denied on March 28, 2013. (*Id.* at 7.) Petitioner did not appeal.

Over two years later, on October 12, 2015, Petitioner filed a second motion for relief from judgment. (*Id.*) The trial court denied the motion on December 22, 2015. (*Id.*)

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. On May 24, 2016, the Michigan Court of Appeals denied the application by standard order. *People v. McCray*, No. 331385 (Mich. Ct. App. May 24, 2016). Petitioner then filed an

4

application for leave to appeal in the Michigan Supreme Court, but it was also denied on November 30, 2016, by standard order. *People v. McCray*, 887 N.W.2d 410 (Mich. 2016) (Table).

Petitioner signed and dated his federal habeas petition on January

9, 2017, and it was filed in this Court on January 18, 2017.

## II. Standard of Review

Though Respondent styles his motion as a motion to dismiss, it is properly construed as one for summary judgment because the motion and the record before the Court include documents outside of the pleadings. *See, e.g.*, *Anderson v. Place*, Case No. 16-cv-12675, 2017 WL 1549763 (E.D. Mich. May 1, 2017); *see also* Fed. R. Civ. P. 12(d).

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts

in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.,* 305 F.3d 520, 526 (6th Cir. 2002)).

This standard of review may be applied to habeas proceedings. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

## III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year period of limitation for a habeas petition filed by a state prisoner. 28 U.S.C. § 2244(d)(1). The limitation runs from one of four specified dates. 28 U.S.C. § 2244(d)(1)(A) – (D). The limitation period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

There are two potential starting points for the limitations period suggested by the pleadings and the record. Under Section 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Here, the expiration of time for seeking direct review under this section was six months after

Petitioner's judgment of sentence was entered, or on June 11, 2009, when the time for filing a delayed application for leave to appeal in the Michigan Court of Appeals expired. *See* Mich. Ct. R. 7.205(G)(3).

The other possible starting point, asserted by Petitioner in his reply, is under 28 U.S.C. § 2244(d)(1)(B). Under this section, the limitations period begins to run on the date a state-created unlawful impediment to filing the petition is removed. Petitioner presents two arguments for a starting point under this section. First, he asserts the Michigan Supreme Court's July 29, 2015 decision in *People v. Lockridge*, 498 Mich. 358 (2015), constitutes the removal of state action preventing him from filing his petition. (*See* Dkt. 6 at 6-7.) The absence of a state court decision addressing the matters a defendant wishes to assert does not constitute unconstitutional state action preventing a defendant from filing a federal habeas petition; nor does the date of the *Lockridge* decision constitute a starting point for the limitations period under section 2244(d)(1)(C), because *Lockridge* is not a United States Supreme Court decision. *See Clark v. Burton*, Case No. 16-cv-13743, 2017 WL 1295547, at *3 (E.D. Mich. Apr. 7, 2017).

Next, Petitioner asserts that his appointed appellate attorney's unconstitutional failure to perfect his direct appeal despite Petitioner's directions for him to do so constituted unconstitutional state action preventing him from filing his federal petition. While appellate counsel's failure may have made it more difficult for Petitioner to file an appeal in state court, it did not affect Petitioner's subsequent ability to file a *pro se* federal habeas petition. *See, e.g., Randle v. Crawford*, 578 F.3d 1177, 1183-87 (9th Cir. 2009) (state-appointed counsel's failure to perfect direct appeal established only that petitioner was denied right to state appeal, not that it prevented him from filing a federal habeas petition).

Accordingly, the limitations period began running on June 11, 2009, when the time for Petitioner to seek direct appeal in the Michigan Court of Appeals expired. The period ran from that date and expired one year later, on June 11, 2010.

Petitioner filed two motions for state post-conviction review in the trial court, one on November 21, 2012, and one on October 12, 2015. Both of these motions were filed after the one-year limitations period had expired. Because Petitioner's post-conviction motions were filed

8

after the limitations period already expired, they did not act to toll or reset the limitations period. *See McMurray v. Scutt*, 136 F. Appx. 815, 817 (6th Cir. 2005) (citing *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)).

The petition is therefore time-barred unless Petitioner demonstrates grounds for equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (internal quotation marks omitted). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

Petitioner asserts that he is entitled to equitable tolling because of his appointed appellate counsel's failure to perfect a direct appeal, and because he was not informed of the order vacating the appointment of appellate counsel.

The problem with Petitioner's first argument is that even if his appellate counsel's failure to file a direct appeal constitutes an "extraordinary circumstance," there is no nexus between that event,

9

which occurred in 2009, and Petitioner's failure to file his federal petition until 2017. *See, e.g.*, *Valverde v. Stinson*, 224 F.3d 129, 134 (2nd Cir. 2002) (Petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.").

After his appellate counsel's 2009 withdrawal, Petitioner did not act with reasonable diligence. He waited over one year, until March 2, 2011, to send his first correspondence to the trial court to inquire about filing a post-judgment motion, and then he did not file a motion for relief from judgment until November 21, 2012. After that motion was denied, Petitioner did not appeal. Instead, he waited almost three more years before filing a second motion for relief from judgment on October 12, 2015. While the Michigan Supreme Court's *Lockridge* decision may have served as the prompt for Petitioner to file his second state post-conviction proceeding, Petitioner has failed to explain the preceding

10

several years of inaction. As set forth above, *Lockridge* did not act to reset the limitations period. *Clark*, 2017 WL 1295547, at *3.

With respect to Petitioner's second allegation that he was not informed of his appellate counsel's withdrawal, the trial court docket sheet indicates that Petitioner was present at the October 12, 2009 hearing when his appellate counsel was allowed to withdraw. (*See* Dkt. 5-3 at 5.) In any event, even if Petitioner was not present at the hearing or if he was not otherwise timely notified, he knew about his counsel's withdrawal when he filed his first motion for relief from judgment on November 21, 2012. After that motion was denied, Petitioner waited approximately two-and-one-half years to file his second motion for relief from judgment. Again, the alleged failure to inform Petitioner about his appellate counsel's withdrawal does not explain Petitioner's subsequent lengthy delay in filing his habeas petition. Petitioner is therefore not entitled to equitable tolling of the one-year period of limitations.

Accordingly, Respondent's motion is granted and the petition is dismissed, because there are no genuine issues of material fact regarding whether the petition was filed after expiration of the one-year

statute of limitations, or whether Petitioner is entitled to equitable tolling.

## IV. Certificate of Appealability

Before Petitioner may appeal, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* Having undertaken the requisite review, the Court concludes that jurists of reason could not debate the Court's procedural ruling. A certificate of appealability will therefore be denied. Leave to

12

appeal in forma pauperis is denied because an appeal of this order could not be taken in good faith. 18 U.S.C. § 1915(a)(3).

## V. Order

For the foregoing reasons, IT IS ORDERED that Respondent's motion for summary judgment (Dkt. 5) is GRANTED.

IT IS FURTHER ORDERED that a certificate of appealability and permission for leave to appeal in forma pauperis are DENIED.

IT IS SO ORDERED.

Dated: January 31, 2018　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 31, 2018.

　　　　　　　　　　　　　　　　s/Shawna Burns
　　　　　　　　　　　　　　　　SHAWNA BURNS
　　　　　　　　　　　　　　　　Case Manager